IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHARON BRISTOW, *et al.* | ) | CASE NO. 1:11CV0186 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | JUDGE PATRICIA A. GAUGHAN |
| v. | ) | |
| | ) | |
| MR. VANDAYBURG, *et al.* | ) | <u>MEMORANDUM OF OPINION</u> |
| | ) | <u>AND ORDER</u> |
| Defendants. | ) | |

Plaintiffs *pro se* Sharon Bristow ("Bristow") and Lisa Gilroy ("Gilroy") filed this action under the United States Constitution against Mr. Vandayburg, Timothy Shook and Ross Wilbur, three officials of the Northern Ohio Violent Fugitive Task Force. They request compensatory and punitive damages and injunctive relief. Also, before the Court are Plaintiffs' Motions to Proceed *In Forma Pauperis* (ECF 3, 4).

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reason stated below, Bristow's claim is dismissed pursuant to section 1915(e).

Plaintiffs allege Defendants Vandayburg and Wilbur came to Bristow's house to look for her son and Gilroy's boyfriend, who is wanted in Florida for aggravated battery. When Bristow refused to inform these Defendants of his whereabouts, they began threatening her

with jail. She contends that the Defendants came to her residence to stalk and harass her. Defendant Shook talked to Gilroy in a separate room. Shook told Gilroy that he would repeatedly come around and annoy her, including at work, and did not care if she was fired. Subsequently, Shook came to Gilroy's place of employment and in a mean and demanding voice told her to get in the van. Because the men "had loaded firearms," she feared for her life and entered the van. She asserts that she should have been told that she had the right to refuse, and that she was being detained. Gilroy contends that this conduct constituted false imprisonment and false arrest.

The United States Supreme Court has held that in the absence of consent or exigent circumstances, police officers violate the Fourth Amendment when they enter a third party's residence without a search warrant. *Steagald v. United States*, 451 U.S. 204, 206 (1981). Although there is no suggestion here of exigent circumstances, the facts set forth in the Complaint indicate Bristow consented to talking with Defendants in her home. She may not have liked what was said to her, but informing her that they would return to search for a fugitive does not amount to a constitutional violation.

Gilroy asserts that she was falsely arrested and falsely imprisoned when she was forced into the officers' van through the means of intimidation. She contends that Shook told her she was being detained. Therefore, she believed she was not free to leave. *See Figetakis v. City of Cuyahoga Falls*, 112 Fed. Appx. 393, 395 (6th Cir. 2004) (false arrest claim exists if a reasonable person believes he or she is not free to leave). False arrest or false imprisonment claims fail if probable cause for arrest exists. *Lausin ex rel. Lausin v. Bishko,* 727 F.Supp.2d 610, 633 (N.D.Ohio,2010). When an arrest is made without probable cause,

the individual arrested may bring a § 1983 claim for false imprisonment. *Id.* (citing *Baker v. McCollan,* 443 U.S. 137, 142-44 (1979)).

Accordingly, Plaintiffs' Motions to Proceed *In Forma Pauperis* are granted. As Bristow has not set forth a valid claim, she is dismissed pursuant to 28 U.S.C. § 1915(e). Gilroy's claim remains. The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process as to Gilroy's claim. The Clerk's Office shall include a copy of this order in the documents to be served upon Defendants.

IT IS SO ORDERED.


Dated:  2/3/11                                                       /s/ Patricia A. Gaughan
                                                               JUDGE PATRICIA A. GAUGHAN
                                                               UNITED STATES DISTRICT JUDGE