UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Sharon Bristow, | ) | CASE NO. 1:11 CV 186 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Mr. Vandayburg, et al., | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

This matter is before the Court upon Federal Defendant Timothy Shook's Motion for Summary Judgment (Doc. 25).  This is a civil rights case.  For the following reasons, the motion is GRANTED.

**FACTS**

Plaintiffs, Sharon Bristow and Lisa Gilroy, filed this action against defendants, "Mr. Vandayburg," Timothy Shook, Ross Wilbur, and the United States of America, alleging wrongdoing associated with interactions between the parties.

Plaintiff Sharon Bristow is the mother of Bradley Bristow ("Bristow"), a fugitive wanted

1

in Florida. On January 20, 2011, defendants Shook and Vandayburg received a telephone call from their supervisor regarding a tip on Bristow's location. According to the tip, Bristow was located at his mother's residence. Plaintiff Gilroy also resided there. Defendants went to the residence and spoke with plaintiffs. During the conversation, Gilroy informed Shook that Bristow was at the apartment the previous day, but that she did not know his present location. She further informed Shook that she was afraid Bristow's mother would "throw her out" of the apartment if she learned that Gilroy was cooperating with defendants. Gilroy told Shook that she worked at a local gas station and then provided Shook with the location and her work hours. Shook gave Gilroy his contact information and Gilroy said she would call Shook. A few days passed without any communication from Gilroy.

On January 22, 2011, defendants drove to the gas station where Gilroy worked. According to Shook's declaration, the following transpired:

> I was driving a 2010 Ford Explorer and [defendant Vandayburg] was in the passenger seat. Around 2:00 p.m., we observed Gilory walking into the parking lot. [We] remained in our vehicle. When Gilroy approached, I rolled down the driver's side window and called Gilroy by her name, displaying my badge so she would recognize me. I asked Gilroy, in a normal tone of voice, if she had a second to talk and she agreed. I told Gilroy that she could get in the back of the car so that no one would see her talking to [us].
>
> [We] remained in the front seat of the car. Gilroy walked around the vehicle, opened the back door, and got in voluntarily. [We] never blocked Gilroy's way, escorted Gilroy to our vehicle, brandished our weapons, flashed our lights, physically touched Gilroy, or otherwise acted in a manner that would lead a reasonable person to question the voluntary nature of the encounter. Gilroy was not restrained or patted down for weapons, and the doors to the vehicle remained unlocked during the entire encounter.

(Shook Decl. at ¶¶ 6-7).

During the encounter, Gilroy informed defendants that she had not heard from Bristow, but that he may have been in contact with his mother. The encounter lasted only a few minutes

and Gilroy's demeanor was friendly and cooperative. At no point did Gilory indicate that she did not wish to speak to defendants. Nor did she seek to terminate the encounter or appear upset. Defendants did not inform Gilroy that she was being detained and, according to defendants, Gilory was free to leave at any time.

Thereafter, plaintiffs filed this lawsuit. The sole remaining claim is plaintiff's Fourth Amendment claim against defendant Shook. All remaining claims have previously been dismissed.

Defendant Shook filed a motion for summary judgment on the basis of qualified immunity and no opposition was filed.

**STANDARD OF REVIEW**

Rule 56(a) of the Federal Rules of Civil Procedure, as amended on December 1, 2010, provides in relevant part that:

> A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed .R.Civ.P. 56(a).

Rule 56(e) provides in relevant part that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may ... consider the fact undisputed for purposes of the motion ... [and] grant summary judgment if the motion and supporting materials—including the facts considered undisputed-show that the movant is entitled to it." Fed.R.Civ.P. 56(e).

Although Congress amended the summary judgment rule, the "standard for granting summary judgment remain unchanged" and the amendment "will not affect continuing

3

development of the decisional law construing and applying" the standard.  See, Fed.R.Civ.P. 56, Committee Notes at 31.

Accordingly, summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (citing Fed. R. Civ. P. 56(c)); *see also LaPointe v. UAW, Local 600*, 8 F.3d 376, 378 (6th Cir. 1993).  The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits," if any, which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323 (citing Fed. R. Civ. P. 56(c)).  A fact is "material only if its resolution will affect the outcome of the lawsuit."  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party.  The court must afford all reasonable inferences and construe the evidence in the light most favorable to the nonmoving party.  *Cox v. Kentucky Dep't. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995) (citation omitted); *see also United States v. Hodges X-Ray, Inc.,* 759 F.2d 557, 562 (6th Cir. 1985).  However, the nonmoving party may not simply rely on its pleading, but must "produce evidence that results in a conflict of material fact to be solved by a jury."  *Cox*, 53 F.3d at 150.

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of his case.  *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322).  Accordingly, "the mere existence of a

scintilla of evidence in support of plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (quoting *Anderson*, 477 U.S. at 52 (1986)). Moreover, if the evidence is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citation omitted).

### **ANALYSIS**

"The doctrine of qualified immunity shields government officials from liability, as well as from suit, so long as their official conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Hardy v. Jefferson Community College*, 260 F.3d 671 (6th Cir. 2001) citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The Sixth Circuit has explained:

> The Supreme Court has instructed that a qualified immunity inquiry generally entails two discrete analytical steps. As a threshold matter, we must ask whether the record, viewed most favorably to the plaintiff, establishes that 'the officer's conduct violated a constitutional right.' *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 2156, 150 L.Ed.2d 272 (2001); *see also Burchett v. Kiefer*, 310 F.3d 937, 942 (6th Cir. 2002). 'If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity.' *Saucier*, 533 U.S. at 201, 121 S.Ct. at 2156. 'On the other hand, if a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established.' 533 U.S. at 201, 121 S.Ct. at 2156; *see also Burchett*, 310 F.3d at 942.

*Cherrington v. Skeeter*, 344 F.3d 631, 636 (6th Cir. 2003).

With regard to the question whether the right was clearly established, this inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition." *Saucier*, 533 U.S. at 201. Further, "[t]he relevant, dispositive inquiry in determining whether a

right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id*. at 202.

This Court must first determine whether plaintiff has demonstrated the violation of a constitutionally protected right.  Upon review, the Court finds that plaintiff fails in this regard. Plaintiff filed no opposition to defendant's motion and, therefore, the facts as set forth in the declarations attached to the motion are uncontested.  Based on those facts, the Court finds that Gilory fails to establish a constitutional violation.  Rather, the facts establish that the encounter between Gilory and defendants was brief and consensual.   There is nothing suggesting that Gilory was not free to leave or that defendants acted coercively in questioning Gilroy.  As such, Gilroy fails to establish a Fourth Amendment violation and defendant Shook is entitled to qualified immunity.

## **CONCLUSION**

For the foregoing reasons, Federal Defendant Timothy Shook's Motion for Summary Judgment is GRANTED.

IT IS SO ORDERED.

                                      /s/ Patricia A. Gaughan
                                      PATRICIA A. GAUGHAN
                                      United States District Judge

Dated: 11/14/11